**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES ADAM; MIEKE MOUTJE POSUMAH, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70178 <br><br> Agency Nos. A096-361-799 <br> A096-361-800 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

James Adam and Mieke Moutje Posumah, natives and citizens of Indonesia,

petition pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for withholding of removal and protection under the Convention

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We

review de novo questions of law and for substantial evidence factual findings.

*Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We grant in part and

deny in part the petition for review, and we remand.

Petitioners testified that, following a speech by a fundamentalist Muslim

provocateur, Muslims in Lombok targeted churches and Christians, burning down

petitioners' church and taking most of their possessions, many of which were

scattered and burned outside their house. With respect to past persecution,

substantial evidence does not support the BIA's finding that petitioners were

merely victims of civil unrest. *See Sinha v. Holder*, 564 F.3d 1015, 1020-23 (9th

Cir. 2009) (incidents were not random violence or mere civil unrest where violence

did not affect populus as a whole and where individuals of one ethnicity were "the

specific targets of the widespread violence"). With respect to future persecution,

the agency did not have the benefit of our intervening decisions in *Wakkary* and

*Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010), when it declined to apply

disfavored group analysis. Further, with respect to the reasonableness of

relocation, before the BIA issued its decision, petitioners filed additional

documentation indicating James Adam has been diagnosed with kidney failure and

is on dialysis. It does not appear that the BIA considered this new evidence. Accordingly, we grant the petition with respect to petitioners' withholding of removal claim, and we remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Brezilien v. Holder*, 569 F.3d 403, 413-15 (9th Cir. 2009).

Finally, with respect to CAT protection, substantial evidence supports the BIA's denial of relief because petitioners failed to establish it is more likely than not that they would be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68. Accordingly, we deny the petition as to the CAT claim.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**